## OPIOPIO (w) *vs.* KANE (k).

EXCEPTIONS FROM CIRCUIT COURT OF SECOND CIRCUIT.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The statute confers exclusive jurisdiction in matters of Divorce upon the Circuit Court of the Judicial Circuit in which the parties last lived together as man and wife. Complied Laws, p. 434.

The libel contained the allegations that the parties cohabited together from the marriage up to March 2d, 1886, that during said cohabitation and up to the present time they were and are residents of Halawa, Molokai, which is within the Second Circuit.

Held, this was a sufficient jurisdictional averment.

Order dismissing the libel rescinded and case ordered back to the Circuit Court for hearing.

OPINION OF THE COURT, BY JUDD, C.J.

· This is a libel for divorce filed in the Circuit Court of the Second Judicial Circuit. The respondent's counsel moved to dismiss the libel on the ground that it contained no allegation giving the Court jurisdiction. The Court granted the motion, to which the plaintiff excepted.

The plaintiff then moved the Court to allow her to amend the libel, which was refused by the Court, to which exceptions were taken.

The statute provides that "exclusive jurisdiction in matters of divorce is conferred upon the Circuit Courts of the judicial circuit in which the parties shall have last lived together as man and wife," etc. Compiled Laws, p. 434.

We consider that jurisdictional matters should be pleaded.

The libel sets forth "First, that the plaintiff and defendant intermarried on or about the 4th of August, A.D. 1866, and ever since said time and up to the 2d day of March, 1886, cohabited as husband and wife. Second, That during said cohabitation

and up to the present time, plaintiff and defendant were, and they now are, residents of Halawa, in the Island of Molokai and within the jurisdiction of this above entitled Court." (The Circuit Court of the Second Judicial Circuit of the Hawaiian Islands). In the third article of the libel there is an allegation " That thereafter, to wit, on or about the 2d day of March, 1886, the plaintiff was forced to leave his (defendant's) house, and that since said last mentioned date she has ceased to live with him."

We are of opinion that the libel contains a sufficient averment that the parties last lived together as man and wife within the jurisdiction of the Circuit Court.

The averment that they "cohabited as husband and wife from the marriage up to 2d March, 1886, the date of their separation, and that during said cohabitation they were residents of Molokai and within the jurisdiction of the Court, is equivalent to saying that the parties cohabited or lived together as husband and wife within the jurisdiction of the Court, and if the plaintiff left defendant's house at Halawa, Molokai, on the 2d March, 1886, which was their place of residence up to that time, it must follow that this is where they last lived together as husband and wife.

While it is better to use the language of the statute in averments of jurisdictional matters, a libel should not be dismissed for not following the exact words, if a sufficient averment appears upon which proof may be offered.

We think the order dismissing the libel should be rescinded and the cause ordered on for trial at the next term of the said Circuit Court. Having come to this conclusion, it is not necessary to consider the second exception taken, that leave should have been granted to the plaintiff to amend.

*P. Neumann*, for plaintiff.

*W. A. Kinney*, for defendant.